DAVID AUERBACH and Others v. ALBERT WUNDERLICH and Others.

April 20, 1899.

Nos. 11,536—(91).

### Sale of Merchandise—Error in Shipment—Neglect to Return Goods— Acceptance.

Defendants ordered goods from plaintiffs by telegraph. The message, as received, was an order for one thousand boxes. Defendants claim that the message, as delivered, was an order for only one hundred boxes, and that the telegraph company made a mistake in transmitting it. The one thousand boxes were shipped to and received by defendants, and they immediately notified plaintiffs of the mistake, and a dispute as to the rights of the parties followed. Five months afterwards, plaintiffs conceded to defendants the right to return the balance of the goods remaining unsold, and requested that they be returned within two weeks. Defendants made no response, and at the end of the two weeks plaintiffs requested defendants to give the matter their immediate attention. Defendants made no response for two weeks more, when they offered to return them two weeks later, when they were not so busy. To this plaintiffs made no response. *Held*, conceding, without deciding, that up to the end of said five months defendants had a right to return the goods, they waived that right by neglecting to comply with the request to return them, and elected to ratify the original delivery of them, as a delivery of goods sold.

Action in the municipal court of St. Paul for goods sold and delivered. The cause was tried before Hine, J., who ordered judgment in favor of plaintiffs for $193.38; and from an order denying a motion for a new trial, defendants appealed. Affirmed.

*C. D. & Thos. D. O'Brien*, for appellants.

*John B. & E. P. Sanborn*, for respondents.

CANTY, J.

Plaintiffs are merchants doing business in New York City, and defendants are merchants doing business in St. Paul. On June 15, 1897, defendants telegraphed plaintiffs for a quantity of lemonade drops. As the telegram was received by plaintiffs, it was an order for one thousand boxes; but defendants claim that, as the telegram was by them delivered to the telegraph company, it was an order for

one hundred boxes, and no more, and that a mistake was made by the company in the transmission of the telegram. One thousand boxes were shipped on June 17. On June 29 defendants wrote that they had received the one thousand boxes, that they had only ordered one hundred, and that either plaintiffs or the telegraph company had made a mistake. The letter further stated,

"We are willing to do the very best we can with the shipment, to help you out, but can, of course, not take goods on regular terms."

It was also stated that the goods were not in merchantable condition. On July 6 plaintiffs answered, inclosing the telegram received by them, which called for one thousand boxes, denying their liability for the mistake, and insisting that the goods were shipped in good condition. Defendants replied July 12, stating, "Regarding the goods in barrels, we beg to state that we must hold these subject to your order," and again asserting that all the goods were in bad condition. On August 2 defendants wrote:

"We are endeavoring to come to some understanding with the telegraph company, and, as soon as we do so, will straighten the matter out with you."

The letter of August 7 is to the same effect.

On November 16 plaintiffs wrote that they would allow defendants to return all of the goods on hand, and give them credit for the same, and asked them to do so before December 1. Defendants made no answer. On December 1 plaintiffs wrote, complaining that they had received no answer, and requesting defendants to give the matter their immediate attention. On December 18, defendants wrote plaintiffs as follows:

"Regarding the lemonade drops which you instructed us to return, we beg to state that it has been impossible for us to get these goods out for you, owing to the fact that we have been kept very busy with our Christmas trade. As soon as this is over, however, we shall be pleased to return them to you at once. Trusting this will be entirely satisfactory to you we are,
                    "Yours truly."

Plaintiffs made no reply. On December 23, defendants shipped back to New York 385 boxes of the goods. On January 15, 1898,

plaintiffs received notice from the railroad company in New York that the goods had arrived there; but plaintiffs refused to accept or receive them, and brought this action to recover the balance of the purchase price of the whole one thousand boxes. On the trial before the court without a jury, the court found for plaintiffs. Defendants appeal from an order denying a new trial.

We do not deem it necessary to decide whether or not, in transmitting the message, the telegraph company was the agent of defendants to such an extent that they were bound by its mistake. Neither do we deem it necessary to decide whether or not, prior to November 16, defendants had, by retaining those goods, waived the right to return them, if such right had ever existed. On November 16 plaintiffs conceded to defendants the right to return the goods, but demanded that they be returned by December 1, if defendants elected to return them. On the latter date plaintiffs, in effect, demanded an immediate response. Defendants ignored those demands, and on December 18 wrote, in effect, that they would return the goods when it suited their convenience. The evidence showed that such goods deteriorate rapidly, and that the season for their sale closes about Christmas. Under these circumstances, we are of the opinion that, by failing to return the goods more promptly when requested to do so, the defendants elected to retain them, and thereby ratified the original delivery of the one thousand boxes to them, as a delivery of goods sold to them. This conclusion renders it unnecessary to consider any other question raised.

Order affirmed.